Shea N. Palavan (State Bar No. 339543)
shea@palavan.com
PALAVAN MOORE
**PALAVAN & MOORE, PLLC**
4590 MacArthur Boulevard, Suite 500
Newport Beach, California 92660
Telephone: (832) 800-4133
Facsimile: (855) PALAVAN (725-2826)

Attorneys for Plaintiff,
DIGITAL VERIFICATION SYSTEMS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC,<br><br>*Plaintiff*,<br><br>V.<br><br>ENCYRO, INC.,<br><br>*Defendant*. | Case No. 5:22-CV-00686-JWH-SP<br><br>Judge:        Hon. John W. Holcomb<br>Courtroom:   9D<br><br>**PLAINTIFF'S ANSWER AND DEFENSES TO (D.I. 14) DEFENDANT'S COUNTERCLAIMS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Digital Verification Systems, LLC (hereinafter, "DVS" or "Plaintiff"), by and through its undersigned counsel, hereby respectfully files, including pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12, this *Plaintiff's Answer and Counterclaims to (D.I. 14) Defendant's Counterclaims*, and, in support thereof, without admission of the legal sufficiency thereof and responding only to the factual allegations therein, states as follows:

**PARTIES, VENUE, AND JURISDICTION**

1. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 1 and, therefore, denies same.

2. Admitted.

3. Admitted.

4. Admitted.

5. DVS admits that venue is proper. DVS denies any remaining allegations in ¶ 5.

**COUNTERCLAIM NO. 1:**

**(Non-Infringement)**

6. Admitted.

7. DVS admits that at least some of the contents of encyro.com were reviewed. DVS lacks sufficient knowledge regarding the remaining allegations contained in ¶ 7 and, therefore, denies same.

8. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 8, either alone, or in combination with other paragraphs.

9. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 9, either alone, or in combination with other paragraphs.

10. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 10, either alone, or in combination with other paragraphs.

11. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 11, either alone, or in combination with other paragraphs.

12. Denied.

13. Denied.

14. Denied.

## COUNTERCLAIM NO. 2:
### (Invalidity §§ 102, and 103)

15. No response is required as the referenced document and/or citation speaks for itself. Otherwise, to the extent a response is required, admitted only that the listed Filing or 371(c) date for the '860 patent is January 2, 2008. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 15, either alone, or in combination with other paragraphs. DVS denies any remaining allegations in ¶ 15.

16. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 16 and, therefore, denies same.

17. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 17 and, therefore, denies same.

18. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 18 and, therefore, denies same.

19. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 19 and, therefore, denies same.

20. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 20 and, therefore, denies same.

21. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 21 and, therefore, denies same.

22. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 22 and, therefore, denies same.

23. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 23 and, therefore, denies same.

24. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 24 and, therefore, denies same.

25. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 25 and, therefore, denies same.

26. No response is required as the referenced document and/or citation speaks for itself.

Otherwise, to the extent a response is required, admitted only that, on page 6 of its opinion in its Decision on Appeal dated November 28, 2014, the PTAB's stated "Accordingly, the Examiner has not persuasively explained how Caphyon's digital certificate with a validity period teaches 'within *only* a single electronic file' (emphasis added)". DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 26, either alone, or in combination with other paragraphs. DVS lacks sufficient knowledge regarding the remaining allegations contained in ¶ 26 and, therefore, denies same.

27. DVS lacks sufficient knowledge regarding the allegations contained in ¶ 27 and, therefore, denies same.

28. Denied.

29. Denied.

30. Denied.

## COUNTERCLAIM NO. 3:
### (Section 101 Ineligibility)

31. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 31, either alone, or in combination with other paragraphs.

32. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 32, either alone, or in combination with other paragraphs.

33. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 33, either alone, or in combination with other paragraphs.

34. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 34, either alone, or in combination with other paragraphs.

35. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon,

¶ 35, either alone, or in combination with other paragraphs.

36. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 36, either alone, or in combination with other paragraphs.

37. No response is required as the referenced document and/or citation speaks for itself. Otherwise, to the extent a response is required, admitted only that the statement in ¶ 36 was made in the applicant's April 5, 2011 response to the February 1, 2011 Non-Final Office Action as part of the applicant's arguments in the section entitled "Claims 1-5, 7-8, 12-13, 15-35, 40-41, and 44 are Rejected Under 35 U.S.C. § 103 for Obviousness Based Upon Wheeler, et al., U.S. Patent No. 6,978,369 (Hereinafter Wheeler), in View of Caphyon, 'The Digital Signature Media Tab' (Hereinafter Caphyon)". DVS denies any remaining allegations in ¶ 37. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 37, either alone, or in combination with other paragraphs. DVS lacks sufficient knowledge regarding the remaining allegations contained in ¶ 37 and, therefore, denies same.

38. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 38, either alone, or in combination with other paragraphs.

39. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 39, either alone, or in combination with other paragraphs.

40. No response is required as the referenced document and/or citation speaks for itself. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 40, either alone, or in combination with other paragraphs.

41. No response is required as the allegations in ¶ 41 comprise a legal conclusion. Otherwise, to the extent a response is required, admitted only that patent claims comprising hardware and/or software are subject to eligibility under 35 U.S.C. § 101. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 41, either alone, or in combination with other paragraphs. DVS lacks sufficient knowledge regarding the

remaining allegations contained in ¶ 41 and, therefore, denies same.

42. Admitted.

43. No response is required as the referenced document and/or citation speaks for itself. Otherwise, to the extent a response is required, admitted only that the statements in the quoted section appear on pages 4 and 5 of the PTAB's opinion in its November 28, 2014 Decision on Appeal. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 43, either alone, or in combination with other paragraphs. DVS lacks sufficient knowledge regarding the remaining allegations contained in ¶ 43 and, therefore, denies same.

44. No response is required as the allegations in ¶ 44 comprise a legal conclusion. Otherwise, to the extent a response is required, admitted only that patent claims comprising hardware and/or software are subject to eligibility under 35 U.S.C. § 101. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 44, either alone, or in combination with other paragraphs. DVS lacks sufficient knowledge regarding the remaining allegations contained in ¶ 44 and, therefore, denies same.

45. No response is required as the referenced document and/or citation speaks for itself. Otherwise, to the extent a response is required, admitted only that the PTAB issued its opinions in its Decision on Appeal on November 28, 2014. DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 45, either alone, or in combination with other paragraphs. DVS lacks sufficient knowledge regarding the remaining allegations contained in ¶ 45 and, therefore, denies same.

46. No response is required as the allegations in ¶ 46 comprise a legal conclusion. Otherwise, to the extent a response is required, DVS denies any allegations of non-infringement and/or invalidity contained in, or based upon, ¶ 46, either alone, or in combination with other paragraphs. DVS denies any remaining allegations in ¶ 46.

## REQUEST FOR JURY TRIAL

To the extent a response is required, DVS admits that Encyro has requested a jury trial for all issues so triable. DVS denies any remaining allegations in this paragraph.

**PRAYER FOR RELIEF**

To the extent a response is required, DVS denies that Encyro is entitled to any of the relief requested.

Dated: April 15, 2022

Respectfully submitted,

PALAVAN & MOORE, PLLC

*/s/ Shea N. Palavan*
Shea N. Palavan (State Bar No. 339543)
4590 MacArthur Boulevard, Suite 500
Newport Beach, California 92660
5353 West Alabama Street, Suite 303
Houston, Texas 77055
Telephone: (832) 800-4133
Facsimile: (855) PALAVAN (725-2826)
shea@palavan.com

Jay Johnson (Admitted *Pro Hac Vice*)
  jay@kjpllc.com
**KIZZIA JOHNSON, PLLC**
1910 Pacific Avenue, Suite 13000
Dallas, Texas 75201
Telephone: (214) 451-0164
Facsimile: (214) 451-0165

Stephen M. Lobbin (State Bar No. 181195)
  sml@smlavvocati.com
**SML AVVOCATI P.C.**
888 Prospect Street, Suite 200
La Jolla, California 92037
Telephone: (949) 636-1391

*Attorneys for Plaintiff,*
DIGITAL VERIFICATION SYSTEMS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document, including via an NEF, via the Court's CM/ECF system per LOCAL RULE 5-4.7.2, and this Court's Rules, Orders, and Procedures. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first-class mail on this same date.

Dated: July 8, 2022

/s/ *Shea N. Palavan*
Shea N. Palavan