1   Shea N. Palavan (State Bar No. 339543)
    shea@palavan.com
2   PALAVAN MOORE
    **PALAVAN & MOORE, PLLC**
3   4590 MacArthur Boulevard, Suite 500
    Newport Beach, California 92660
4   Telephone: (832) 800-4133
    Facsimile: (855) PALAVAN (725-2826)

Attorneys for Plaintiff,
DIGITAL VERIFICATION SYSTEMS, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC,<br><br>    *Plaintiff*,<br><br>V.<br><br>ENCYRO, INC.,<br><br>    *Defendant*. | Case No. 5:22-CV-00686-JWH-SP<br><br>**JOINT 26(F) REPORT AND CASE MANAGEMENT STATEMENT WITH [PROPOSED] ORDER**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:     Hon. John W. Holcomb<br>Courtroom:  9D |

    Plaintiff, Digital Verification Systems, LLC (hereinafter, "DVS" or "Plaintiff"), and Defendant, Encyro, Inc. (hereinafter, "Encyro" or "Defendant"), by and through their respective undersigned counsel, hereby respectfully submit this *Joint 26(f) Report and Case Management Statement with Proposed Order* in the above-styled and numbered cause, including pursuant to Rule 26 of the FEDERAL RULES OF CIVIL PROCEDURE and this Court's Rules, Procedures, and Orders, including this Court's LOCAL RULE 26 and June 22, 2022 Order Setting Scheduling Conference (D.I. 17), and, state as follows:

1.  **Statement of the Case**:

*A short synopsis (not to exceed two pages) of the main claims in the Complaint and in the Counterclaim (if any) and the primary affirmative defenses.*

This is a patent infringement case. On April 21, 2022, Plaintiff filed its Complaint against Defendant Encyro, Inc. alleging, in its single count complaint, infringement of U.S. Patent No. 9,054,860 (the "Patent-in-Suit"). The Patent-in-Suit claims, *inter alia*, systems and methods for digital verification of, *inter alia*, electronic files and signatures.

Plaintiff's Statement:

Plaintiff alleges that Defendant practices, makes, uses, sells, offers for sale, and/or imports into the United States, systems and/or methods, and associated hardware and/or software, that infringe at least Claim 1 of the Patent-in-Suit. The allegedly infringing systems and/or methods comprise certain systems and methods comprising certain aspects of Defendant's Encyro E-Sign and similar products and/or services. Plaintiff further alleges that Defendant is and has been inducing others, including at least users of accused systems and/or methods and/or customers of said products and/or services to infringe the Patent-in-Suit. Plaintiff also alleges that Defendant is and has been contributing to the infringement of others, including without limitation said customers and/or end users. Plaintiff contends it is entitled to, and is thus seeking, damages comprising a reasonable royalty, enhanced damages, an exceptional case finding, attorneys' fees, and costs from Defendant, as well as a permanent injunction enjoining future infringement by Defendant.

Defendant's Statement:

Encyro does not infringe any claim of the asserted '860 Patent. By way of but one example, each claim of the '860 Patent requires that the file that identifies the signatory be "embedded within only a single electronic file". That is, the file that identifies the signer can only be embedded in one document. That limitation is the only reason the patent claims issued because digital signatures existed long before the priority date of the '860 Patent (*i.e.*, long before January 2008). Indeed, in 2000, Congress enacted the Digital Signatures Act, making digital signatures—then existing for more than a decade—legally binding. Regardless, because digital signatures were old technology by 2008, the US Patent Office only allowed

the '860 Patent by limiting it to technology that embedded signatures within a single document "only". The accused technology is clearly not so limited, and any reasonable pre-suit analysis would have eliminated the accused technology as infringing.

Further, for reasons that will be disclosed according to the Court's Scheduling Order, the asserted claims are not valid.

2. **Subject Matter Jurisdiction**:
*A statement of the **specific** basis of federal jurisdiction, including supplemental jurisdiction.*

This Court has jurisdiction over Plaintiff's claims under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for alleged patent infringement, including pursuant to 28 U.S.C. §§ 1331 and 1338(a). There are no disputes over personal jurisdiction or venue. Defendant has been served.

3. **Legal Issues**:
*A brief description of the **key legal issues**, including any unusual substantive, procedural, or evidentiary issues.*

There are no specific disputes as to applicable law at this time. The parties expect at least the following legal issues to be in dispute:

(i) The proper construction of the claims of the Patent-in-Suit;

(ii) Alleged infringement, if any, including alleged willful infringement, if any, of the Patent-in-Suit by Defendant;

(iii) Alleged invalidity of the Patent-in-Suit and other affirmative defenses raised by Defendant;

(iv) Whether this is an exceptional cases such that a prevailing party should be awarded attorney's fees under 35 U.S.C. § 285;

(v) Alleged damages, if any, including enhanced damages, if any, for alleged infringement of the Patent-in-Suit by Defendant;

(vi) Whether a permanent injunction enjoining Defendant is an appropriate remedy

for this case; and

(vii) Whether Plaintiff should have to proffer a bond to proceed in this matter.

4. **Parties, Evidence, etc.**:

*A list of parties, witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.*

Plaintiff's Statement:

The parties in this case are Plaintiff, Digital Verification Systems, LLC, and Defendant, Encyro, Inc. Plaintiff has no subsidiaries, parents, or affiliates to disclose. Plaintiff does not expect to add any additional parties at this time. Further, pursuant to this Court's Rules and Federal Rule of Civil Procedure 7.1, and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiff, a private non-governmental property, certifies that the names of all associations, firms, partnerships, corporations, and other artificial entities that either are related to the plaintiff as a parent, subsidiary, or otherwise, or have a direct or indirect pecuniary interest in the outcome in Plaintiff's case are below:

*Patent Asset Management, LLC*

The witnesses expected in this case are, at a minimum, the experts of the parties, if any, and relevant employees, managers, officers, and/or directors of Defendant.

The key documents in this case are expected to be the Patent-in-Suit, the prosecution history of the Patent-in-Suit, the technical documentation of Defendant regarding the accused products and/or services, and the financial documentation of Defendant relating to the potential reasonable royalty rate and amount.

Defendant's Statement:

Defendant believes discovery will demonstrate that the named inventor, Leigh Rothschild is also the owner and director of the Plaintiff shell entity and that Mr. Rothschild may need to be joined as a Party in this matter under Rule 19.

Encyro has no corporate parents or the like.

5. **Damages**:
*The realistic range of provable damages.*

Plaintiff states that it will need at least unit sales and revenue information for the accused products and/or services in order to negotiate a resolution to this case; otherwise, Plaintiff is not presently aware of any key discovery or motions necessary to position the parties to better negotiate a resolution to this case.

6. **Insurance**:
*Whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.*

Plaintiff is unaware of any insurance coverage applicable to this case.

Defendant confirms no insurance.

7. **Motions**:
*A statement of the likelihood of motions seeking to add other parties or claims, to file amended pleadings, to transfer venue, etc.*

At this time, no motions have been filed in this case. Presently, Plaintiff does not expect to file any motion listed under this section at this time.

Defendant will be filing a motion requiring Plaintiff to post a bond to cover Defendant's attorney's fees and costs. *See Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08 CV 1992 MMA (POR), 2010 U.S. Dist. LEXIS 98229 (S.D. Cal. Sep. 20, 2010). Defendant may also file a motion requiring Plaintiff to properly respond to Defendant's counterclaims under Rule 8(b)(1)(B).

Otherwise, the parties expect that, because claim construction is a question of law to be determined by the Court, the Court will entertain claim construction briefing and conduct a hearing on such matters. Once any disputed claim terms have been construed the Court, other issues may be ripe for dispositive motions.

8. **Manual for Complex Litigation**:
*Whether all or part of the procedures of the Manual for Complex Litigation should be utilized for this case.*

The parties agree that no portion of the procedures for the Manual for Complex Litigation need be utilized for this case.

9. **Status of Discovery**:

*A discussion of the present state of discovery, including a summary of completed discovery.*

Both parties have served interrogatories and requests for production prior to the case Management Conference. Defendant has further served requests for admission prior to the case Management Conference. The parties' statements regarding discovery in this case are set forth hereinbelow.

10. **Discovery Plan**:

*A detailed discovery plan, as contemplated by Rule 26(f). State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed, whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. A statement that "discovery will be conducted as to all claims and defenses," or other vague description, is not acceptable.*

The parties have agreed to negotiate in good-faith a protective order for this case. Defendant proposes the parties follow the Model Protective Order for Patent Cases from the Northern District of California. Plaintiff does not presently oppose this, but has agreed to promptly discuss the same with Defendant to permit the parties to submit a proposed protective order (and if necessary, identification of disputed positions) for this Court's review and approval by August 12, 2022. The parties also agree that electronic discovery should be phased generally in accordance with the Federal Circuit Advisory Council's Model Order Regarding E-Discovery in Patent Cases. The parties will submit a proposed e-discovery order (and if necessary, identification of disputed positions) for the Court's review and approval by August 12, 2022.

Each expert shall be deposed for up to seven (7) hours per opening or rebuttal report submitted by that expert. The parties will meet and confer concerning any additional deposition time necessary for expert reports such as supplemental or reply expert reports on a case-by-case basis without waiver to either party's right to move to strike any such

supplemental or reply report.

The parties agree to work together to adjust discovery limits as reasonable and necessary under the circumstances. Failure to exercise reasonable efficiency in conducting discovery shall not support a request for adjustment to the discovery limits. Notwithstanding these limits, FEDERAL RULE OF CIVIL PROCEDURE 26 shall govern the nature and extent of discovery in this case.

The parties agree to modest adjustments to the discovery limits imposed by the FEDERAL RULES OF CIVIL PROCEDURE. These modest adjustments are intended to ensure that discovery is appropriately-tailored and proportional to the needs of the case.

*(1) Requests for Admission*:

Each party may serve up to seventy-five (75) requests for admission. These limits do not apply to requests for admission used solely for authentication, issues of hearsay, exceptions to hearsay, and issues relating to the best evidence rule and its exceptions. The parties will discuss a reasonable approach to those exceptions as the case progresses.

*(2) Depositions*:

The parties agree that each side be permitted to take up to seventy (70) hours of deposition testimony (party and nonparty, excluding experts), not to exceed ten (10) depositions per side in total, with a limit of seven (7) hours per deposition. The parties further agree that each side may take up to twenty-eight (28) hours of deposition of the other side pursuant to RULE 30(b)(6). The parties would, of course, work in good faith to allow additional depositions beyond these limits if there is good cause to do so. These limitations are in addition to the above expert deposition limitations.

As noted above, the parties anticipate that this Court will entertain claim construction briefing and conduct a hearing on such matters. This Court may schedule briefing and a hearing on a schedule to its liking after there has been a reasonable opportunity for discovery in this case.

Further, Plaintiff anticipates taking discovery on the following subjects:

1. Any and all facts regarding the Patent-in-Suit that are relevant to any of 35 U.S.C.

§§ 101-103, 271, and 282-285;

2. Any and all facts relevant to Plaintiff's claims and damages;

3. Defendant's knowledge of the Patent-in-Suit;

4. Defendant's advertising of Defendant's products;

5. Any opinions, formal or informal, regarding infringement or validity of the Patent-in- Suit.

6. Defendant's knowledge of, and communications with, customers and potential customers of Defendant;

7. Defendant's knowledge of, and communications with, all persons associated with the making, using, selling and/or offering for sale of the accused products and/or services;

8. Defendant's sales, profits, marketing, advertising and distribution of the accused products and/or services;

9. Defendant's claim construction positions for the Patent-in-Suit;

10. Defendant's defenses; and

11. Defendant's non-infringement contentions for the Patent-in-Suit.

Plaintiff reserves the right to add other discovery subjects relevant to the subject matter of this case.

In addition to the standard aspects of any patent dispute (infringement, invalidity), Defendant expects to take discovery regarding standing and liability for fees and sanctions.

11. **Discovery Cut-off**:

*A proposed discovery cut-off date. This means the final day for the **completion of discovery**, including the resolution of all discovery motions.*

The Parties have provided the requested date in the proposed schedule, attached hereto as Exhibit A.

As discussed below, consistent with this Honorable Court's practices, Defendant proposes following the patent schedule from the Northern District of California and, as such, would adopt the dates in Exhibit A, subject to the issuance of a Markman order, or set the dates

for close of discovery after this Court issues its Markman order.  *See* Exhibit B.

12. **Expert Discovery**:

*Proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2).*

The parties have provided the requested date in the proposed schedule, attached hereto as Exhibit A.

13. **Dispositive Motions**:

*A description of the issues or claims that any party believes may be determined by motion for summary judgment or motion in limine.*

The parties anticipate filing motions for summary judgment regarding infringement and invalidity, if so required. The parties further anticipate filing motions *in limine*, but the parties are unable to state specific motions at this early stage.

14. **Settlement/Alternative Dispute Resolution (ADR)**:

*A statement of what settlement discussions or written communications have occurred (**excluding any statement of the terms discussed**). If counsel have received a Notice to Parties of Court-Directed ADR Program (Form ADR-08), the case presumptively will be referred to the Court Mediation Panel or to private mediation (at the parties' expense). If the parties jointly desire a settlement conference with the assigned Magistrate Judge, they should so indicate in their report. The case may not proceed to trial unless all parties, including an officer (with full authority to settle the case) of all corporate parties, have appeared personally at an ADR proceeding.*

At this early stage, the Parties have not been able to reach any agreements to resolve these cases, although negotiations between the parties are presently ongoing. The parties do not presently believe that this matter should be referred to binding arbitration, a special master, or similar ADR procedure at this time. However, the parties agree that a mediation most likely will be successful if scheduled after this Court has entered a claim construction order.

15. **Trial Estimate**:

*A realistic estimate of the time required for trial and whether the trial will be a bench trial or a jury trial. Each side should specify (by number, not by name) how many witnesses it contemplates calling.*

Both parties have requested a trial by jury. The parties estimate that the trial will have expected length of five (5) to seven (7) business days, where each side is given at least twelve (12) hours of testimony, excluding jury selection, opening statement, and closing argument.

As the case progresses and the issues in dispute are narrowed, the parties will update this Court if they believe that fewer trial days or hours of testimony are needed for this matter.

16. **Trial Counsel**:
*The name(s) of the attorney(s) who will try the case.*

    Trial counsel for Plaintiff is as follows:
        Shea N. Palavan, Jay Johnson, and Stephen M. Lobbin

    Trial counsel for Defendant is as follows:

        Rachael D. Lamkin

17. **Independent Expert or Master**:
*Whether this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.*

    The parties do not presently anticipate the need for an independent expert or master.

18. **Timetable**:
**Complete the Schedule of Pretrial and Trial Dates form attached as Exhibit A to this Order and attach it to the Joint Rule 26(f) Report**. *Each side should write in the month, day, and year it requests for each event. At the Scheduling Conference, the Court will review this form with counsel. The proposed date for each event shall fall on a Friday, except the trial date, which is a Monday. Counsel should ensure that requested dates do not fall on a holiday. In appropriate cases,* **the Court may order different dates from those proposed by the parties**. *The discovery cut-off date is the last day by which all depositions must be completed, responses to previously served written discovery must be provided, and motions concerning discovery disputes must be heard. The cut-off date for motions is the last date on which motions may be* **heard**, *not filed. The Court directs counsel's attention to L.R. 6-1 regarding the timing of motions, oppositions thereto, and hearings thereon.*

    The parties have provided the requested dates in the proposed schedule, attached hereto as Exhibit A.

    Defendant proposes also adopting the patent schedule attached as Exhibit B, and discussed below.

19. **Amending Pleadings and Adding Parties**:
*Please note that the Court does not typically set a separate deadline for the parties to amend their pleadings or to add parties. A party who wishes to amend its pleading or to add one or more parties shall seek a stipulation from the other parties. If the parties cannot reach such a stipulation, then the party seeking to amend shall comply with Rule 15(a) and, if applicable, Rule 16(b)(4) of the Federal Rules of Civil Procedure, as well as L.R. 15-1 through L.R. 15-3 and*

L.R. 16-14.

At this time, Plaintiff does not anticipate the addition of parties or any additional, material amendments to the pleadings, but Plaintiff respectfully reserves the right to seek leave to amend the pleadings for good cause as the case progresses, including pursuant to Fed. R. Civ. P. 15 and subject to this Court's Rules, Orders, and Schedule. However, the parties propose that Pleadings be allowed to be amended, without the need for leave of Court, up to, and including, October 14, 2022.

As noted above, Defendant thinks a motion to join named-inventor/owner Rothschild may be forthcoming.

20. **Other issues**:

*A statement of any other issues affecting the status or management of the case (e.g., unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, ADA-related issues, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.* **The Court does not like surprises**. *Accordingly, counsel and the parties are directed to raise in the Joint Rule 26(f) Report any and all issues that may tend to make this case unusual, challenging, or difficult.*

Plaintiff's Statement:

Plaintiff does not presently have any other such issues, matters, or suggestions to disclose or raise at this time which may make this case unusual, challenging, or difficult.

Plaintiff opposes Defendant's proposal to have this case governed by the Local Patent Rules for the Northern District of California, including because the Federal Rules of Procedure, as written, provide for reasonable and adequate discovery procedures, and because Defendant, whose counsel are located in the Northern District, will surely seek to direct this Court as to how it should handle the minutia of this case based upon their contention as to how a Court in the Northern District would rule based upon their selective interpretation of Northern District case precedents interpreting Northern District local rules.

This case was not filed in the Northern District, nor has there been any effort to transfer venue to the Northern District. There is no good cause, and indeed no good reason, for Defendant to impose their, no doubt selective, reading of Northern District precedents upon this Court's management of this case, nor is there any just reason for hasty summary

1 determinations of factual issues in the absence of reasonable discovery.

2     Thus, Plaintiff proposes that this case, including discovery thereunder, proceed under a schedule set by this Court in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules, which each provide multiple vehicles for proceedings, including patent cases, and that no further modifications or limitations are necessary. Nor has Defendant provided any good cause or other reasoning as to the necessity of proceeding under the Local Patent Rules of the Northern District.

    This Court, and the Central District of California, despite being aware of the Northern District's Rules, have not created their own rules, nor expressly adopted those rules. Indeed, this Court has rejected proposals to adopt the very rules that Defendant has proposed for this case on more than one occasion. *See, e.g.*, *Wavestream Corp. v. CAP Wireless Inc.*, No. CV 05-4254 SJO PLAX, 2007 WL 4351597, *1 (C.D. Cal. Feb. 13, 2007); *Diagnostic Systems Corp. v. Symantec Corp.*, No. SACV 061211DOCANX, 2009 WL 1607717, *2 (C.D. Cal., June 5, 2009) (this Court preferred "a more focused approach to 'rule as we go[,]' adopting only the specific local patent rules or the principles embodied by those rules-based upon a perceived need. (7/23/07 Reporter's Transcript at 41:5-11.)"); *see also Syneron Medical Ltd. v. Invasix, Inc. et al.*, No. 8:16-CV-00143-DOC-KES, D.I. 37 (C.D. Cal., July 12, 2016).

Defendant's Statement:

    Defendant proposes adopting the Local Patent Rules for the Northern District of California, a procedure frequently adopted by this Honorable Court. *See, e.g., Glaukos Corp. v. Ivantis, Inc.*, No. SACV 18-620 JVS (JDEx), 2019 U.S. Dist. LEXIS 229884, at *1 n.1 (C.D. Cal. May 20, 2019) ("This Court has adopted the Northern District of California's Patent Local Rules for patent matters.") (Hon. Selna, J.); *Delux Pub. Charter, LLC v. Cty. of Orange*, No. 8:20-cv-02344-JVS-KES, 2022 U.S. Dist. LEXIS 104460, at *6 (C.D. Cal. May 6, 2022) (Hon. Selna, J.). Defendant finds Plaintiff's fervent objection to adopting a patent schedule to be curious. Regardless, having a fixed schedule for patent disclosures, claim construction, etc. only seems sound and orderly. Defendant has attached as Exhibit B a schedule that follows

CAND.

21. **Consent to Proceed Before Magistrate Judge**:
*A statement that counsel for all parties have discussed whether the parties consent to have a Magistrate Judge of this Court conduct any and all necessary proceedings and order the entry of judgment in this matter pursuant to 28 U.S.C. § 636(c) and General Order 12-01. The statement should indicate whether the parties consent to the assignment of this matter to a Magistrate Judge. The Joint Rule 26(f) Report should set forth the above-described information under section headings corresponding to those in this Order.*

No. Plaintiff declines to proceed before a Magistrate Judge.

Dated: July 22, 2022

Respectfully submitted,

PALAVAN & MOORE, PLLC

*/s/ Shea N. Palavan*
Shea N. Palavan (State Bar No. 339543)
4590 MacArthur Boulevard, Suite 500
Newport Beach, California 92660
5353 West Alabama Street, Suite 303
Houston, Texas 77055
Telephone: (832) 800-4133
Facsimile: (855) PALAVAN (725-2826)
shea@palavan.com

Jay Johnson
    jay@kjpllc.com
**KIZZIA JOHNSON, PLLC**
1910 Pacific Avenue, Suite 13000
Dallas, Texas 75201
Telephone: (214) 451-0164
Facsimile: (214) 451-0165

Stephen M. Lobbin (State Bar No. 181195)
    sml@smlavvocati.com
**SML AVVOCATI P.C.**
888 Prospect Street, Suite 200
La Jolla, California 92037
Telephone: (949) 636-1391

*Attorneys for Plaintiff,*
DIGITAL VERIFICATION SYSTEMS, LLC

*/s/ Rachael D. Lamkin*
Rachael D. Lamkin
LAMKIN IP DEFENSE
One Harbor Drive, Suite 300
Sausalito, CA 95965
RDL@LamkinIPDefense.com

916.747.6091

*Attorney(s) for Defendant*,
ENCYRO, INC.

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per LOCAL RULE 5.5, and this Court's Rules, Orders, and Procedures. Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first-class mail on this same date.

Dated: July 22, 2022                    /s/ *Shea N. Palavan*
                                         Shea N. Palavan

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC,<br><br>*Plaintiff*,<br><br>V.<br><br>ENCYRO, INC.,<br><br>*Defendant*. | Case No. 5:22-CV-00686-JWH-SP<br><br>**[PROPOSED] ORDER SETTING SCHEDULE OF PRETRIAL AND TRIAL DATES**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:         Hon. John W. Holcomb<br>Courtroom:   9D |

| Event | Parties' Request[1] | Court's Order |
|---|---|---|
| Jury Trial (Monday at 9:00 a.m.)<br>Length: 5 days | November 6, 2023 | |
| Final Pretrial Conference [L.R. 16]<br>(Friday—17 days before trial date) | October 20, 2023 | |
| Hearing on Motions *in Limine*<br>(Friday—7 days before Final PTC) | October 13, 2023 | |
| Last Date to Hear Non-Discovery Motions | September 22, 2023 | |
| Last Date to Conduct Settlement Conference | August 25, 2023 | |
| All Discovery Cut-Off | August 18, 2023 | |

---

[1] For Defendant, these dates are proposed, or in the alternative, should be set after the Court's issuance of a Markman Order.

| (including hearing all discovery motions) | | |
|---|---|---|
| Expert Disclosure (Rebuttal) | July 3, 2023 | |
| Expert Disclosure (Initial) | June 5, 2023 | |

ADR [L.R. 16-15] Settlement Choice:

    Attorney Settlement Officer Panel

    Private Mediation

[X]    Magistrate Judge

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DIGITAL VERIFICATION SYSTEMS, LLC,<br><br>   *Plaintiff*,<br><br>V.<br><br>ENCYRO, INC.,<br><br>   *Defendant*. | Case No. 5:22-CV-00686-JWH-SP<br><br>**[PROPOSED] ORDER SETTING PATENT SCHEDULE BASED ON PATENT LOCAL RULES OF THE NORTHERN DISTRICT OF CALIFORNIA**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Hon. John W. Holcomb<br>Courtroom: 9D |

| DISCLOSURE | DEADLINE |
|---|---|
| 3-1. Disclosure of Asserted Claims and Infringement Contentions<br>Not later than 14 days after the Initial Case Management Conference. | August 19, 2022 |
| 3-2 Document Production | August 19, 2022 |
| 3-3 and 3-4 Invalidity Contentions and Document Production<br>Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions" | October 3, 2022 |
| 3-8 Damages Contentions | November 23, 2022 |
| 3-9 Responsive Damages Contentions | December 23, 2022 |
| 4-1. Exchange of Proposed Terms for Construction<br>(a) Not later than 14 days after service of the "Invalidity Contentions" | October 17, 2022 |
| 4-2. Exchange of Preliminary Claim Constructions and Extrinsic Evidence | November 7, 2022 |

| | | |
|---|---|---|
| 1 2 | (a) Not later than 21 days after the exchange of the lists pursuant to Patent L.R. 4-1 | |
| 3 4 | 4-3. Joint Claim Construction and Prehearing Statement and Expert Reports<br>Not later than 60 days after service of the "Invalidity Contentions" | December 2, 2022 |
| 5 6 | 4-4. Completion of Claim Construction Discovery<br>Not later than 30 days after service and filing of the Joint Claim Construction and Prehearing Statement | December 30, 2022 |
| 7 8 | 4-5. Claim Construction Briefs<br>(a) Not later than 45 days after serving and filing the Joint Claim Construction and Prehearing Statement | February 13, 2023 |
| 9 10 | 4-6. Claim Construction Hearing<br>Subject to the convenience of the Court's calendar, two weeks following submission of the reply brief specified in Patent L.R. 4-5(c), the Court shall conduct a Claim Construction Hearing | TBD by Court |